**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jennifer C. Koo (SBN 309721)
jennifer.koo@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Interpleader Plaintiff
EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Equitable Financial Life Insurance Company,<br><br>Interpleader Plaintiff,<br><br>vs.<br><br>Valerie Apodaca, Lance Burse, Jordan Briggs, C.B. (a minor), by and through her Guardian Ad Litem, and O.B. (a minor), by and through her Guardian Ad Litem,<br><br>Interpleader Defendants. | Case No: 2:25-cv-02306<br><br>**COMPLAINT FOR INTERPLEADER RELIEF** |

Interpleader Plaintiff, Equitable Financial Life Insurance Company, f/k/a AXA Equitable Life Insurance Company (“Equitable”), through its undersigned counsel, hereby files this Complaint for Interpleader Relief against Valerie Apodaca, Lance Burse, Jordan Briggs, C.B. (a minor), and O.B. (a minor) (collectively “Interpleader Defendants”) and states as follows:

**NATURE OF THE CASE**

1. Pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, Equitable seeks to interplead the balances of two annuity contracts that became payable upon the death of Barbara Ann Briggs (the “Owner”) because of the Interpleader Defendants’ competing claims for such balances. The two annuity

contracts subject to this dispute are Contract *****5608, effective April 8, 2005 ("Contract 5608"), and Contract *****6196 ("Contract 6196"), effective April 27, 2005, and may hereafter be referred to as the "Contracts."

2. Equitable further requests that the Court: 1) discharge it from liability under the Contracts; 2) issue an injunction preventing future suits against Equitable related to the Contracts; 3) award Equitable reimbursement of its reasonable attorneys' fees and costs incurred by commencing this litigation; and 4) dismiss Equitable from this action with prejudice.

**PARTIES**

3. Equitable is an insurance company organized and existing under the laws of the State of New York with its principal place of business in the state of New York.

4. Valerie Apodaca ("Ms. Apodaca") is a citizen of the State of New Mexico and resides in Bernalillo County. Ms. Apodaca is the Owner's granddaughter-in-law and the named beneficiary of the Contracts at the time of the Owner's death.

5. Lance Burse ("Mr. Burse") is a citizen of the State of California and resides in Los Angeles County. Mr. Burse is a grandchild of the Owner and a former named beneficiary of Contract 5608. Mr. Burse presently challenges the validity of Ms. Apodaca's designation as the sole beneficiary of Contract 5608.

6. Jordan Briggs ("Mr. Briggs") is a citizen of the State of California and resides in Los Angeles County. Mr. Briggs is a grandchild of the Owner and a former named beneficiary of Contract 6196. Mr. Briggs presently challenges the validity of Ms. Apodaca's designation as the sole beneficiary of Contract 6196.

7. C.B. (a minor) is a citizen of the State of New Mexico and resides in Bernalillo County. C.B. is the great-granddaughter of the Owner and former named beneficiary of Contract 6196.

8. O.B. (a minor) is a citizen of the State of New Mexico and resides in Bernalillo County. O.B. is the great-granddaughter of the Owner and former named beneficiary of Contract 6196.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1335 because there is complete diversity between Equitable and the Interpleader Defendants, there is minimal diversity between the Interpleader Defendants, and because the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over the Interpleader Defendants because 28 U.S.C. § 2361 provides for nationwide service of process and confers upon the Court the authority to prove the relief requested herein.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because one or more of the Interpleader Defendants reside in this District.

## FACTUAL BACKGROUND

### I. Factual Allegations Specific to Contract 5608

12. On April 8, 2005, Equitable issued Contract 5608, which has a death benefit of $41,980. A redacted copy of Contract 5608 is attached hereto as **Exhibit A**.

13. At the issuance of Contract 5608, the primary beneficiaries were the Owner's son, Thaddeus Briggs with a 34% interest, the Owner's granddaughter Brittany Briggs with a 33% interest, and the Owner's grandson Wayne Briggs with a 33% interest. A redacted copy of the Owner's application for Contract 5608 is attached hereto as **Exhibit B**.

14. On or about September 28, 2020, Equitable received a change of beneficiary form that revised the beneficiary designations as follows: Thaddeus Briggs and Burse Briggs, ex-daughter in law of the Owner, to take equally. A redacted copy of the September 28, 2020, beneficiary change form is attached hereto as **Exhibit C**.

15. On or about June 8, 2023, Equitable received another change of beneficiary form that revised the beneficiary designation for Contract 5608 as follows: Mr. Burse to receive 100% of the death benefit. A redacted copy of the June 8, 2023, beneficiary change form is attached hereto as **Exhibit D**.

/ / /

## II. Factual Allegations Specific to Contract 6196

16. On April 27, 2005, Equitable issued Contract 6196, which has a death benefit of $36,638. A redacted copy of Contract 6196 is attached hereto as **Exhibit E**.

17. At the issuance of Contract 6196, the primary beneficiaries were Thaddeus Briggs with a 50% interest, Brittany Briggs with a 25% interest, and Wayne Briggs with a 25% interest. A redacted copy of the application for Contract 6196 is attached hereto as **Exhibit F**.

18. On or about August 9, 2017, Equitable received a beneficiary change form that revised the beneficiary designations for Contract 6196. The new beneficiary designations were that C.B., a minor great-grandchild of the Owner, was to receive 33% of the death benefit, O.B., a minor great-grandchild of the Owner, was to receive 33% of the death benefit, Thaddeus Briggs was to receive the remaining 34%. A redacted copy of the August 9, 2017, beneficiary change form is attached hereto as **Exhibit G**.

19. On or about September 28, 2020, Equitable received another beneficiary change form that revised the beneficiary designations for Contract 6196 as follows: C.B., O.B., and Mr. Briggs to split the death benefit equally. A redacted copy of the September 28, 2020 beneficiary change form is attached hereto as **Exhibit H**.

## III. Factual Allegations Relevant to Both Contracts

20. On or about November 5, 2024, Equitable received a single beneficiary change form signed by the Owner that designated Ms. Apodaca as the sole primary beneficiary for both Contracts. A redacted copy of the November 5, 2024, beneficiary change form is attached hereto as **Exhibit I**.

21. Three days later, on November 8, 2024, the Owner passed away. A redacted copy of the Owner’s death certificate is attached hereto as **Exhibit J**.

22. On or about November 15, 2024, Ms. Apodaca submitted claims to the death benefits of the Contracts pursuant to her status as the sole primary beneficiary of both at the time of the Owner’s death. A redacted copy of Ms. Apodaca’s claim form is attached hereto as **Exhibit K**.

23. On November 28, 2024, Equitable received a phone call from a concerned family member who alleged that Ms. Apodaca fraudulently changed the beneficiary designations of the Contracts to herself.[1]

24. On January 6, 2025, Equitable sent a letter to Mr. Burse to determine whether he intended to dispute the validity of the designation of Ms. Apodaca as the sole beneficiary of Contract 5608. The letter informed Mr. Burse that he was removed as Contract 5608's sole beneficiary and included an "Intent to Assert Claim to Benefits" statement for him to sign and return should he choose to assert a claim. On January 9, 2025, Mr. Burse sent an email to Equitable wherein he alleged that it was his "firm belief that Valeria Apodaca coerced [his] Grandmother during her confirmed diagnosis of dementia or forged her signature days before her death." Included as an attachment to the email was Mr. Burse's signed "Intent to Assert Claim to Benefits" page, thereby formalizing his dispute of the November 5, 2024 beneficiary designation change. Combined redacted copies of the January 6, 2025, letter to Mr. Burse, his January 9, 2025, response email, and the corresponding "Intent to Assert Claim to Benefits" page are attached hereto as **Exhibit L**.

25. On January 9, 2025, Equitable sent a letter to Ms. Apodaca informing her that Equitable received a competing claim to the death benefit of Contract 5608. The letter also informed her that, as a result of the dispute, Equitable was unable to remit the death benefit of Contract 5608 unless the parties reached a settlement or a resolution was determined through judicial intervention. A redacted copy of this January 9, 2025, letter to Ms. Apodaca is attached hereto as **Exhibit M**.

26. On January 15, 2025, Equitable sent a letter to Mr. Briggs regarding Contract 6196. The letter inquired whether Mr. Briggs intended to assert a claim to Contract 6196's death benefit and, if so, asked him to sign the attached "Intent to Assert Claim to Benefits"

---

[1] Out of an abundance of caution, Equitable intentionally omits the name of the caller because Equitable is unsure of the caller's age. If the caller is a minor, Equitable can submit the name to the Court or to the Parties in an appropriate confidential manner to protect the minor's identity. Otherwise, Equitable can submit an amended pleading identifying the caller upon confirmation of the caller's age.

page. On January 27, 2025, Mr. Briggs signed the "Intent to Assert Claim to Benefits" page and returned it to Equitable, thereby formalizing his dispute of the November 5, 2024 beneficiary change for Contract 6196. A combined redacted copy of the January 15, 2025, letter to Mr. Briggs and the corresponding "Intent to Assert Claim to Benefits" page dated January 27, 2025 is attached hereto as **Exhibit N**.

27. On January 24, 2025, Equitable received an email from Ms. Apodaca in response to Equitable's January 9, 2025 letter. In Ms. Apodaca's email, she asserted that the November 5, 2024 beneficiary changes to both Contracts were valid because of alleged abuse that the Owner suffered before Ms. Apodaca became her primary caretaker. A redacted copy of Ms. Apodaca's January 24, 2025 response email is attached hereto as **Exhibit O**.

28. Upon information and belief, the Interpleader Defendants maintain their adverse claims for the death benefits due under the Contracts. Accordingly, Equitable files this Complaint for Interpleader Relief.

## CAUSE OF ACTION FOR INTERPLEADER RELIEF

29. Equitable incorporates by reference all the preceding paragraphs of this Complaint as though fully set forth verbatim herein.

30. If the November 5, 2024 beneficiary changes are valid, the death benefit due under each Contract may be payable to Ms. Apodaca.

31. If the November 5, 2024 beneficiary changes are invalid, then the death benefit due under Contract 5608 may be payable to Mr. Burse in whole, and the death benefit due under Contract 6196 may be payable to C.B., O.B., and Mr. Briggs equally.

32. Based upon the facts set forth above and the conflicting claims of the Interpleader Defendants, Equitable is in receipt of adverse, competing claims to the monies due under the Contracts and Equitable is or may be exposed to multiple or inconsistent liability and obligations under the Contracts.

///

///

33. Equitable admits liability under the Contracts in the total amount of $78,618, plus applicable interest, if any, which Equitable is and always has been ready, able and willing to pay to the person or persons who lawfully entitled to it.

34. Equitable neither has, nor claims, any interest in the death benefits due and owing under the Contracts.

35. Equitable promptly brings this action before the Court to resolve the adverse, competing claims.

36. Equitable further avers that in justice and in equity it should not be compelled to become involved in the dispute of the Interpleader Defendants, but the Interpleader Defendants should be ordered to litigate among themselves without in any manner involving Equitable.

37. Equitable has in no way colluded with the Interpleader Defendants concerning the matters of this case. Equitable files this Complaint for Interpleader Relief on its own free will to avoid multiple liability, multiple litigation, or both.

38. Equitable intends to file a Motion for Deposit and Discharge, requesting permission to deposit the disputed funds with the Court's Registry and discharge from this action with prejudice.

39. Equitable further pleads a reservation of entitlement to an award from the proceeds of the Policy for its reasonable attorneys' fees and other costs incurred in commencing and litigating this action for interpleader.

WHEREFORE, Equitable respectfully requests an Order granting the following relief:

(a) To allow this civil action of Complaint for Interpleader;

(b) Interpleader Defendants be permanently enjoined from instituting or prosecuting against Equitable any proceedings in any state or United States District Court or administrative tribunal relating to the death benefits payable under the Contracts and on account of the death of the Owner, and that said injunction issue without bond or surety;

(c) Interpleader Defendants be required to make full and complete Answer(s) to this Complaint for Interpleader, and set forth which of them the death benefits, or any part thereof, rightfully belongs, and how they make their claims thereto;

(d) A determination and declaration of the rights of the Interpleader Defendants to the death benefits due and owing under the Contracts;

(e) Discharge of Equitable from any and all further liability under the Contracts and on account of the death of the Owner;

(f) Release of Equitable from further attendance upon this cause and dismissal of Equitable from this case, with prejudice;

(g) Reservation of Equitable's right to seek reimbursement of its reasonable attorneys' fees and costs incurred in commencing and litigating this action; and

(h) Such other and further relief as equity may require and the Court deems just and proper.

Date: March 14, 2025

Respectfully submitted by:
NELSON MULLINS RILEY
& SCARBOROUGH LLP

By: /s/*Jennifer C. Koo*
*Jennifer C. Koo*
*Attorney for Interpleader Plaintiff*
*Equitable Financial Life Insurance Company*